

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL,
ATTORNEY GENERAL

March 12, 1976

The Honorable Henry Wade
Criminal District Attorney
Dallas County Government Center
Dallas, Texas   75202

Opinion No. H-794

Re:  Whether a court may
grant an occupational
license to a person con-
victed of driving while
intoxicated who is confined
or imprisoned as a result
of the conviction.

The Honorable Edna Cisneros
County & District Attorney
County of Willacy
2nd Floor, Courthouse
Raymondville, Texas   78580

Dear Mr. Wade and Ms. Cisneros:

        You have requested our opinion regarding a portion of
section 25a of article 6687b, V.T.C.S., recently amended by
the 64th Legislature.  The statute now provides in pertinent
part:

> Whenever any person is convicted of any
> offense for which this Act makes auto-
> matic the suspension of the operator's,
> commercial operator's, or chauffeur's
> license of such person, the court in which
> such conviction is had shall require the
> surrender to it of all operators', com-
> mercial operators', and chauffeurs' licenses
> then held by the person so convicted and
> the clerk of said court shall thereupon
> forward the same together with a record of
> such conviction.  If, by order of the court,
> the person convicted is not confined or
> imprisoned, the court may enter an order
> restricting the operation of a motor vehicle
> to the person's occupation. . . . (Emphasis
> added).

You inquire about the circumstances under which a court may enter an order permitting the convicted individual to obtain an occupational license, i.e., to retain his current driver's license with added restrictions limiting it to occupational use.

It might be argued that, by limiting those circumstances to cases in which "the person convicted is not confined or imprisoned," the statute means merely that the court may not grant an occupational license for use while the defendant is in confinement. Under such a view, the court could permit any convicted defendant to obtain an occupational license, so long as its use was restricted to the period in which he was not confined. But such an interpretation would render the provision virtually meaningless, since a person could not normally make use of a driver's license during the period in which he was confined. It is well established that a statute should not be interpreted in such a manner as to attribute to the Legislature a useless act. State ex rel. Childress v. School Trustees of Shelby County, 239 S.W.2d 777, 781 (Tex.Sup. 1951); Duson v. Poage, 318 S.W.2d 89, 96 (Tex.Civ.App. -- Houston 1958, writ ref'd n.r.e.). We therefore believe that the statute must be read in such a manner as to preclude the court from granting an occupational license to any defendant who is confined or imprisoned by order of the court.

In our opinion, this interpretation would encompass those situations in which a defendant who has been sentenced to be confined has already served the entire amount of his jail time prior to the imposition of sentence. In such instances, the defendant is ordered "confined or imprisoned" by order of the court, but is granted credit for time served by operation of law. Article 42.03, section 2, Code of Criminal Procedure. Thus, it is our view that a court may grant an occupational license under section 25(a) of article 6687b only in cases where the court does not impose confinement or imprisonment. We note that, in addition to the remedy now provided by section 25(a), the much broader provisions of section 23A(a) remain in effect, so that "any person whose license has been suspended for causes other than physical or mental disability or impairment" may petition the district court for an occupational license.

## S U M M A R Y

A court may grant an occupational
license under section 25(a) of article
6687b, V.T.C.S., only in cases where the
court does not impose confinement or
imprisonment.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb